## GREENVILLE v. MAULDIN.

1. INJUNCTION— STREETS— DAMAGES—GREENVILLE—CONDEMNATION.— COMPLAINT does not state facts sufficient to warrant enjoining a proceeding by arbitrators to assess damages to abutting lot owner for altering grade of street in city of Greenville, under 19 Stat., 306, and 20 St., 1372.

2. IBID.—ESTOPPEL—STREETS—CONDEMNATION.—City appointing arbitrator to assess damages to lot owner for altering grade of street, under provisions of its charter, is estopped from bringing an action to enjoin such proceeding after award, although it denied liability

and acted without waiver of its rights. If liability be denied, city must bring action to enjoin proceeding before submission to arbitrators.

3. IBID.—REFERENCE—DAMAGES.—Upon dissolution of injunction it is proper to refer the case to ascertain amount of damages recoverable under injunction bond.

Before KLUGH, J., Greenville, August, 1901.    Affirmed.

Action by the City Council of Greenville against W. L. Mauldin.    From order dissolving injunction, plaintiff appeals.

*Messrs. B. A. Morgan* and *Carey & McCullough,* for appellant. *Mr. Morgan* cites: *Liability being denied, this action was proper:* 38 S. C., 308. *City had right to alter grade of street:* 20 Stat., 1372; 42 S. C., 293; *and plaintiff is not liable now:* 21 S. C., 372; 13 S. C., 403; 14 S. C., 476; 33 S. C., 234.

*Messrs. Mauldin, Hubbell & Haynsworth, Parker & Patterson,* contra, cite: *Allegations are not sufficient to sustain the action:* 60 Am. St. R., 883; 1 High on Inj., 34; 51 S. C., 379; 75 Cal., 601; 29 Am. St. R., 263; 1 Id., 377; 94 N. C., 486; 54 Am. D., 677; 83 Id., 770; 56 Id., 352. *Injunction will not lie where grounds therefor could be set up as defense to statutory proceeding:* 16 Ency., 2 ed., 352, 353, 359, 365, 426; 1 High on Inj., secs. 50, 89, 93, 28, 48; 1 McC. Ch., 305; 10 S. C., 206; 15 Wall, 373; 13 Wall, 616; 119 U. S., 226; 165 U. S., 386; 168 U. S., 611; 98 Am. D., 205; 89 Id., 217; 48 Am. St. R., 546; 32 S. C., 503; 4 S. C., 374; Rich. Eq. Ca., 144. *Injunction will not be granted to enjoin special statutory proceeding:* 16 Ency., 2 ed., 354; 1 High on Inj., secs. 90, 29; 9 S. C., 308. *Reference to ascertain damages by injunction properly ordered after dissolution thereof:* Code, 243; 19 S. C., 235.

August 11, 1902. The opinion of the Court was delivered by

MR. JUSTICE JONES. The complaint in this case sought an injunction to restrain defendant from prosecuting proceedings begun by him under sec. 30 of the charter of the city of Greenville, to secure an assessment of damages alleged to have been done to defendant's property by the altering and lowering the grade of Main street, in said city, during 1895 and 1896. The appeal herein is from an order of Judge Klugh, dated June 29th, 1901, dissolving the temporary injunction previously granted by him in said cause, and also from an order of the same Judge, dated August 10, 1901, dismissing the complaint, and referring to the master to ascertain what damages, if any, the defendant may have sustained by reason of said temporary injunction. The exceptions to both orders are numerous, and we shall not undertake to follow them in detail, but will consider what we deem the principal and controlling points involved.

We will notice, first, whether there was error in dismissing the complaint for failure to state facts sufficient to warrant the injunction sought; because, if the complaint was properly dismissed on that ground, it is manifest that the temporary order of injunction must fall also. We think the complaint was properly dismissed. The city of Greenville is liable to abutting lot owners for damages sustained by reason of altering the grade of its streets. *Paris Mountain Water Co.* v. *City Council of Greenville,* 53 S. C., 82, 30 S. E. R., 699. The manner of assessing such damages or compensation, as provided in sec. 30 of the charter of Greenville, is exclusive. *Garraux* v. *City Council of Greenville,* 53 S. C., 575, 31 S. E. R., 597. But the statutory tribunal to assess compensation having no power to determine the right to compensation, and having power only to fix the amount of compensation, a court of equity, upon a complaint stating facts showing that the right of the lot owner to claim any damages is disputed, may restrain or suspend the action of the statutory special tribunal until the proper court has determined the question as to the liability to make compen-

sation.  *Ry. Co.* v. *Ridlehuber,* 38 S. C., 308, 17 S. E. R.,
24; *Cureton* v. *South Bound R. R. Co.,* 59 S. C., 376, 37 S.
E. R., 944; *Glover* v. *Remly,* 62 S. C., 52; *South Bound R.
R. Co.* v. *Burton,* 63 S. C., 348.  Tested by the foregoing
principles, the complaint fails to make a case justifying
interference with the statutory proceedings.

It appears by the complaint that the defendant, Mauldin,
is the owner of certain real estate fronting on Main street of
Greenville for about 105 feet; that the city of Greenville, in
improving said street, has lowered the grade thereof to an
average depth of fifteen inches along defendant's premises;
that sec. 30 of the city charter provides as follows: "That
the said city council shall have power and authority to close
all such roads, streets and ways within said city as they may
deem necessary, by sale of the freehold therein, either at
private or public sale, as they may adjudge best for the
interest of the said city; and they shall have power and
authority to lay out, adopt, alter, widen and open all such
streets, roads and ways as they may from time to time deem
necessary for the improvement and convenience of the said
city: *Provided,* That the owners of land over which any
such road, street or way may pass, and any person damaged
by the closing or from the altering of any such street, road
or way, shall be duly compensated therefor by the city coun-
cil; and whenever any road, street or way is to be laid out,
closed, opened or widened, in case the said city council and
the owners of the land over which the same shall pass, or the
person damaged by the closing or altering as aforesaid, can-
not agree upon the amount of compensation to be paid to
such owner or persons, the same shall be assessed by three
commissioners to be appointed, one by the city council, one
by the land owner or person damaged, and the third by the
two commissioners thus appointed; and in case any land
owner shall neglect or refuse to appoint a commissioner
within five days after notice so to do, then the chairman of
the board of county commissioners of the county of Green-
ville shall appoint a commissioner, who, with the one

appointed by the city council, shall select a third commissioner: *Provided,* That either party may appeal from such assessment to the Court of Common Pleas for said county, by serving written notice of such appeal upon the other party within five days after such assessment shall have been made, when the issue of value shall be submitted to a jury." The complaint further shows that in response to the defendant's demand for arbitration to assess compensation, under sec. 30 above, for alleged damages resulting from said alteration of the street grade, the plaintiff had appointed an arbitrator to represent said city on the board of arbitrators; but at the same time denying its liability and giving notice that it did not waive any rights it might have had under its charter or the laws of the State by entering into the said proceeding; that a majority of said arbitrators had assessed the sum of $1,000 as damages to defendant; that both sides had appealed therefrom to the Court of Common Pleas, in which Court the appeal was then pending. The 13th allegation of the complaint is as follows: "Plaintiff denies that it is liable at all in damages to the defendant by reason of the improvements hereinbefore above referred to, out of which alone the defendant claims to have been damaged, and alleges that its liability has never yet been settled by any tribunal authorized by law and having jurisdiction; and that sec. 30 of the act of 1885, under which the defendant is proceeding, provides only for assessment of damages in the cases therein mentioned, and after the legal liability of the plaintiff has already been established before an appropriate tribunal, which plaintiff alleges upon information and belief has never yet been done." The 14th allegation states that defendant's proceeding under the statute is illegal and unauthorized, and may result in serious and irreparable injury to the plaintiff unless enjoined. In all this there is no statement of any fact showing that the city of Greenville is not liable to make compensation under its charter to the defendant, but, on the contrary, the legal conclusion from the facts stated is that the said city is liable

to make compensation, under sec. 30 of its charter. The denial of its liability in the complaint is merely the statement of a legal conclusion, which goes for naught, and is not only not supported by, but is in conflict with, the correct legal conclusions deducible from the facts stated. The complaint further alleges that the lowering of the street grade was made by the city council pursuant to the provisions of the act of December 22, 1891, 20 Stat., 1372, which does not provide for compensation; and that sec. 30 of the charter, 19 Stat., 106, has no application; but the contention based upon this, that the city is not liable to make compensation under sec. 30, has been already disposed of in the case of *Water Co.* v. *Greenville,* 53 S. C., 82, 30 S. E. R., 699.

There is another reason why the injunction was properly dissolved and the complaint dismissed. The statutory remedy for securing compensation was intended to be expeditious as well as exclusive. When, therefore, one is notified of proceedings under the statute, and conceives that he is not liable to make compensation, or that the claimant has no right to ask compensation at all, he must move promptly to have the statutory proceedings stayed or suspended until the disputed right or liability to compensation can be determined by a Court having jurisdiction. To this end the complaint should clearly set forth the facts which are relied on to show that the right or liability to compensation is in dispute, and should in that suit seek to have such disputed liability determined, before the special statutory tribunal to fix the amount of compensation has acted. Otherwise, the right to receive or the liability to make compensation must be deemed and taken as conceded. The statutory tribunal having jurisdiction to fix the amount that shall be paid as compensation, and having proceeded to a determination without intervention from a court of equity, the result of such determination cannot be directly or indirectly assailed or overthrown, except by appeal in such special proceedings as provided by the statute. It is of no avail whatever for one with notice of the proceedings

under the statute to content himself with denying liability and disclaiming intention to waive any right, nevertheless to sit quietly by and permit the claimant to secure the verdict of a jury or other tribunal to assess the amount of compensation, and then wake up to the importance of enjoining or suspending the statutory proceedings on the ground that there is no liability to make compensation. He must himself take timely proceedings to test the disputed right or liability, and to restrain or suspend the proceedings under the statute, before the board or special jury has acted. In this case the plaintiff participated in the special proceedings, and took no step to have such proceedings stayed until after an adverse decision and the appeal therefrom by the plaintiff. Having dissolved the injunction, there was no error in the order of reference to ascertain the damages resulting to defendant by reason of the injunction and recoverable under the injunction bond, such practice being in accord with the rule approved in *Hill* v. *Thomas,* 19 S. C., 235. All exceptions are overruled.

The judgment of the Circuit Court is affirmed.